*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0628**

Victor Christopher De Los Reyes, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed February 13, 2017
Affirmed
Ross, Judge**

Sherburne County District Court
File No. 71-CV-15-904

Thomas H. Shiah, Law Office of Thomas H. Shiah, Minneapolis, Minnesota (for respondent)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

The state revoked Victor De Los Reyes's driver's license after police arrested him for driving while impaired and he submitted to a blood test that indicated his intoxication. The district court rescinded the license revocation, concluding that the implied-consent

advisory given to De Los Reyes was inaccurate and violated his right to due process. Because the general advisory that "refusal to submit to testing is a crime" was inaccurate and misleading with regard to blood testing, the advisory violated De Los Reyes's right to due process. We therefore affirm.

**FACTS**

Sherburne County Deputy Sheriff Daniel Ethen pulled Victor De Los Reyes's car over in July 2015 after he saw De Los Reyes drop garbage from the window. The deputy noticed that De Los Reyes's eyes were bloodshot and watery and that his speech was slurred. He administered field sobriety tests and arrested De Los Reyes. He took him to the county jail and read him the standard implied-consent advisory which, at the time, informed De Los Reyes that Minnesota law required him to take an alcohol-concentration test, that "[r]efusal to take a test is a crime," and that he had the right to consult with an attorney. De Los Reyes said he understood the advisory and did not contact an attorney.

De Los Reyes agreed to take a breath test, but the deputy discovered that the breath-testing machine was broken. He asked De Los Reyes to submit to a urine test instead, but De Los Reyes tried but failed to give a sample. Deputy Ethen finally asked De Los Reyes to submit to a blood test. De Los Reyes complied. He provided a blood sample that revealed an alcohol concentration of 0.087.

The Minnesota Department of Public Safety revoked De Los Reyes's driving privileges and De Los Reyes petitioned for an implied-consent hearing. De Los Reyes urged the district court to rescind the revocation because the blood draw constituted a warrantless search without valid consent and because the advisory violated his due-process

2

rights by misinforming him of the criminal consequences of refusing to submit to a warrantless blood test. The commissioner argued that revocation was proper because De Los Reyes consented to the testing and because the search was reasonable and did not require a warrant. The district court agreed with De Los Reyes and rescinded the revocation.

The commissioner appeals.

## D E C I S I O N

The district court rescinded the license revocation because the implied-consent advisory was inaccurate and misleading, violating De Los Reyes's right to due process. The commissioner asks us to hold that the blood testing was constitutional under the Fourth Amendment, which the commissioner urges us to apply rather than the Due Process Clause. Our recent decision of *Johnson v. Commissioner of Public Safety* forecloses the commissioner's urging. 887 N.W.2d 281 (Minn. App. 2016), *review granted* (Minn. Jan. 25, 2017). In *Johnson*, we held that the Due Process Clause rather than the Fourth Amendment provides the proper framework to address a driver's challenge to an implied-consent advisory on due-process grounds. *Id*. at 288. We must follow that precedent. *See State v. M.L.A.*, 735 N.W.2d 763, 767 (Minn. App. 2010), *review denied* (Minn. Sept. 21, 2010).

We therefore consider only whether the implied-consent advisory given here violated De Los Reyes's due-process rights. The *Johnson* court answered that question also. Addressing the issue in the context of a urine test, *Johnson* concluded as follows:

3

> Because a criminal test-refusal charge would be unconstitutional, the implied-consent advisory inaccurately informed Johnson that refusal to take a urine test is a crime. When the state provided that inaccurate advisory, it misinformed Johnson regarding the penalties he would face if he refused to submit to testing, in violation of his right to due process, as established in *McDonnell* [*v. Commissioner of Public Safety*, 473 N.W.2d 848 (Minn. 1991)].

887 N.W.2d at 294.

The commissioner argues that De Los Reyes consented to testing. The district court rejected consent as a valid exception to the warrant requirement and said, "[I]f a driver consents to the test he has not refused the test and cannot be prosecuted for test refusal." We agree because De Los Reyes's consent, the only exception the commissioner offers to the warrant requirement, came after the deputy read the advisory to him. At that time, the deputy had no warrant or valid exception to the warrant requirement for blood testing, and the implied-consent advisory was consequently misleading as to criminal penalties for refusing that test. The commissioner implies that De Los Reyes's breath-testing consent carries over as consent to the eventual blood test. We reject this argument because blood testing and breath testing entail different degrees of intrusion. *See Birchfield v. North Dakota*, 136 S. Ct. 2160, 2176–78 (2016). Consent to a minimally intrusive breath test does not transform into consent to a substantially intrusive blood test.

Applying *Johnson* here, we hold that the district court correctly reasoned that, under the then-binding precedent of *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), *aff'd*, 136 S. Ct. 2160 (2016), *State v. Trahan*, 870 N.W.2d 396 (Minn. App. 2015), *aff'd*, 886 N.W.2d 216 (Minn. 2016), and *State v. Thompson*, 873 N.W.2d 873 (Minn. App. 2015), *aff'd*, 886

4

N.W.2d 224 (Minn. 2016), the advisory read to De Los Reyes inaccurately assumed the state's authority to prosecute him for refusing to submit to a blood test. *See also Birchfield*, 136 S. Ct. at 2185 (holding that breath testing is a categorically valid search incident to arrest under the Fourth Amendment but blood testing is not); *State v. Thompson*, 886 N.W.2d 224, 233 (Minn. 2016) (holding that urine testing is not a valid search incident to arrest under the Fourth Amendment); *State v. Trahan*, 886 N.W.2d 216, 224 (Minn. 2016) (holding that the Fourth Amendment does not permit prosecution for refusal to submit to a blood test absent a warrant or valid exception to the warrant requirement).

Because De Los Reyes could not have been criminally penalized for refusing to submit to a urine or blood test, the implied-consent advisory inaccurately advised him that refusing to submit to a blood test was a crime. Under *Johnson*, we apply a due-process analysis exclusively and conclude that the implied-consent advisory violated De Los Reyes's rights. We hold that the district court properly rescinded the license revocation.

**Affirmed.**